**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                              )
ALVIN DORSEY,                                     )
                                                              )
         Plaintiff,                             )
                                                              )
         v.                                            )    Civil Action No. 11-1350 (EGS)
                                                              )
DRUG ENFORCEMENT ADMINISTRATION,  )
                                                              )
         Defendant.                           )
_____)

## MEMORANDUM OPINION

Plaintiff brought this action under the Freedom of Information Act ("FOIA"), *see* 5 U.S.C. § 552.  Defendant has filed a "Supplemental Memorandum," ECF No. 52, which the Court treats as a renewed motion for summary judgment.  Plaintiff has filed a document titled "Cost: Attorney's Fees Rule 54(d)," ECF No. 57, which the Court construes as a motion for fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E)(i).  For the reasons discussed below, the Court will grant the former and deny the latter.

### I.  BACKGROUND

Since he filed his original FOIA request to the Drug Enforcement Administration ("DEA") in March 2010, *see* Def.'s Mem. of P. & A. in Support of its Mot. to Dismiss, or in the Alternative, for Summ. J., ECF No. 41-2, Decl. of William C. Little, Jr. ("First Little Decl."), Ex. A (Letter from plaintiff dated March 9, 2010), he has reformulated the request twice.  The operative request in relevant part stated:

1

> I would like these government confident[ial] informants['] files to be search[ed]: Bruce L. Norflee, Efrem D. Dobson, Wilbert B. Smith, Willie Brown, Aaron L. Bostic, Willis L. Bostic, Markus Johnson, Micheal Williams, Larry E. Scott.  I would like these government confident[ial] informants['] D.E.A.-6 files to be search[ed].  Also I would like searched for any hand written notes, any promises or agreements that was [sic] reach [sic] between these individuals.  The interviewer[s] would have been Marnee Batchlor and Gerry Montalvo.  The date is all of 2003 and 2004 out of the Orlando[, Florida] field office . . . .  Also, I would like the appropriate files searched for a surveillance video and video logs and the authorization of the video of 940 E. [G]ottsche [S]treet[,] Eustis, Fl[orida] from June 2003 to August 2003.

First Little Decl., Ex. F (Letter to DEA from plaintiff dated November 3, 2011) at 1-2.

The Court granted in part and denied in part defendant's prior motion for summary judgment, and remaining for the Court's consideration are: (1) the DEA's decision to withhold information that was provided under an implied assurance of confidentiality under Exemption 7(D); (2) the disposition of records referred by the DEA to the Federal Bureau of Investigation ("FBI"), and to the Office of Information Policy ("OIP") and the Criminal Division of the U.S. Department of Justice ("DOJ"); (3) segregability; and (4) plaintiff's demand for fees and costs.[1]

## II.  DISCUSSION

### A.  *Summary Judgment in a FOIA Case*

FOIA cases typically are resolved on motions for summary judgment.  *See Petit-Frere v. U.S. Attorney's Office for the Southern District of Florida*, 800 F. Supp. 2d 276, 279 (D.D.C. 2011) (citations omitted), *aff'd per curiam*, No. 11-5285, 2012 WL 4774807, at *1 (D.C. Cir.

---

[1]  The Court questioned whether 98 pages records located through a query of the DEA's Electronic File Room ("EFR") were included in or were in addition to the 427 pages of records deemed responsive to plaintiff's FOIA request for information about himself and surveillance of the Eustis, Florida residence.  *See* Memorandum Opinion and Order, ECF No. 47 at 6 n.2.  The DEA's declarant has clarified that these records were among those released to plaintiff on December 19, 2012.  Def.'s Supplemental Mem. in Support of Mot. for Summ J., ECF No. 52, Third Supplemental Decl. of William C. Little, Jr., ECF No. 52-1 ¶ 11; *see* First Little Decl., Ex. R (Vaughn Index).

Sept. 19, 2012). The Court grants summary judgment if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). An agency may meet its burden solely on the basis of affidavits or declarations, *see Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999), as long as they "describe the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record [or] by evidence of agency bad faith." *Military Audit Project v. Casey*, 656 F.2d 724, 738 (D.C. Cir. 1981) (footnote omitted).

### B. Referrals to OIP, FBI and the Criminal Division

The DEA's declarant explained that a one-page document originating with the Office of the Attorney General was referred to the OIP, which is "[t]he DOJ office responsible for the processing . . . and release of information under [FOIA] for information that originates with the Attorney General[.]" Def.'s Supplemental Mem. in Support of Mot. for Summ J., ECF No. 52 ("Def.'s Mem."), Third Supplemental Decl. of William C. Little, Jr., ECF No. 52-1 ("Fourth Little Decl.") ¶ 2. He confirmed that "OIP . . . include[ed] an additional page that completed the document, and released the document in its entirety to plaintiff." Fourth Little Decl. ¶ 3; *see id.*, Ex. S (Letter to plaintiff from Vanessa R. Brinkman, Counsel, Initial Request Staff, OIP, dated February 14, 2013).

Similarly, the DEA referred 21 pages of records to the FBI, *id*. ¶ 7, the DOJ component where they originated, *id*. ¶ 8. In accordance with the FBI's recommendation, *id*. ¶ 9, the DEA released all pages in their entirety, *id*. ¶ 10; *see id.*, Ex. V (Letter to plaintiff from

William C. Little, Jr., Senior Attorney, Administrative Law Section, Office of Chief Counsel, DEA, dated February 22, 2013).

Four pages of records were referred by the DEA to the DOJ's Criminal Division, from which information was withheld under Exemptions 3, 5, 6 and 7(C). *Id.* ¶¶ 5-6; *see id.*, Ex. T (Letter to plaintiff from Rena Y. Kim, Chief, FOIA/PA Unit, Criminal Division, DOJ, dated January 16, 2013) at 1.

The Court concludes that the referrals to the FBI, OIG and Criminal Division, the components where the records originated, were appropriate. The Criminal Division's decision to withhold information under the claimed exemptions is discussed below.

*C. Criminal Division: Exemptions 3, 5, 6 and 7(C)*

The records referred by the DEA to the Criminal Division were "two memorand[a] ('Authorization Memorand[a]') from the Assistant Attorney General for the Criminal Division ('AAG') . . . to the Criminal Division's Office of Enforcement Operations ('OEO') . . . concerning a narcotics trafficking investigation," Def.'s Mem., Decl. of Peter C. Sprung, ECF No. 52-2 ("Sprung Decl.") ¶ 6, and a prosecutor's requests to conduct electronic surveillance, *see* Sprung Decl. ¶¶ 11-14; *see also id.*, Ex. (Vaughn Index).

1. Exemption 3

Exemption 3 covers records that are "specifically exempted from disclosure by statute," provided that such statute either requires withholding from the public "in such a manner as to leave no discretion on the issue or . . . establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552 (b)(3); *see Senate of the Commonwealth of Puerto Rico v. U.S. Dep't of Justice*, 823 F.2d 574, 582 (D.C. Cir. 1987).

The Criminal Division's declarant explains that, in order to intercept surreptitiously the oral communications of a target of a criminal investigation, law enforcement must obtain court authorization to do so pursuant to Title III, Sprung Decl. ¶ 12, that is, "Title III of the Omnibus Crime Control and Safe Streets Act . . . , which is codified at 18 U.S.C. §§ 2510 *et seq.*," *id.* ¶ 7 n.1. "[A] prosecutor must first obtain permission from the appropriate DOJ official [such as the AAG]." *Id.* ¶ 12 (citing 18 U.S.C. §§ 2516(1), 2518(1)(A)). "Under internal DOJ procedures, the prosecutor must submit the request to OEO's Electronic Surveillance Unit ('ESU'), which reviews the request to ensure that it complies with Title III." *Id.* Next, "the ESU attorney drafts an action memorandum to the AAG summarizing and analyzing the relevant facts, discussing whether the prosecutor's request meets the requirements of Title III, and setting forth OEO's recommendation whether the request should be approved." *Id.* ¶ 13. The ESU's recommendation is sent to the AAG's office for final review. *Id.* "If the prosecutor's request is approved, the AAG's office prepares a memorandum to OEO" with its determination, and the "memorandum is provided to the prosecutor, who files it under seal with the Court, together with the Title III application, agent's affidavit, and proposed orders." *Id.* ¶ 14.

According to the declarant, "the Authorization Memorand[a] approved two separate requests . . . for Title III orders concerning . . . three cellular telephones . . . used to facilitate narcotics trafficking activities." *Id.* ¶ 11. The contents of the memoranda "referenced OEO's recommendation concerning the prosecutor's requests, identified the three telephone numbers, the name and address of the telephones' subscribers, the offenses being investigated, and the names of 15 individuals who were the targets of the investigation, which included [plaintiff]." *Id.* Plaintiff "was not the subscriber to any of the three telephone numbers." *Id.* "The Criminal

Division redacted the content of the two memorand[a], leaving the letterhead, date, author, addressee, and subject line." *Id*.

The declarant explains that the contents of the Authorization Memoranda are withheld under Exemption 3 "based upon 18 U.S.C. § 2518(8)(b), which is the pertinent non-disclosure provision of Title III." Sprung Decl. ¶ 17. The declarant states, "[a]pplications made and orders granted under this chapter shall be sealed by the judge [and] shall be disclosed only upon a showing of good cause before a judge of competent jurisdiction." *Id*. ¶ 19 (citing 18 U.S.C. § 2518(8)(b)). "Once a document is sealed by the court . . . the Government has no discretion to disclose the protected information, thereby bringing § 2518(8)(b) under the first prong of Exemption [3]." *Id*. ¶ 19; *see id*. ¶ 20. Further, the declarant states, "[§] 2518(8)(b) fits within Exemption [3's] second prong, because it refers to particular types of matter to be withheld, *i.e.*, the documents generated in the Title III authorization process." *Id*. ¶ 19 (internal quotation marks omitted). In short, even though section 2518(8)(b) does not mention authorization memoranda, the memoranda "are a required part of the application submitted to the court." *Id*. ¶ 20. "[B]ecause these documents contain the very information § 2518(8)(b) seeks to protect, the production of that information in this suit would result in the disclosure of exempted information and would thereby negate the intent of the statute." *Id*. The declarant notes, too, that plaintiff "has not shown that either of the memorand[a] has been unsealed and preserved permanently in a public record." *Id*.

Plaintiff argues that the agency "has failed to submit a[n] affidavit that provide[s] a detailed, scrupulous description of the withheld document that enables a district court judge to preform [sic] a de novo rev[ie]w." Pl.'s Opp'n Mot. to Def.'s Summ. J., ECF No. 55 ("Pl.'s Opp'n") at 2 (page numbers designated by ECF). The Criminal Division's supporting

6

declaration must be relatively detailed, nonconclusory and submitted in good faith. *See, e.g., Morley v. CIA*, 508 F.3d 1108, 1116 (D.C. Cir. 2007). The Criminal Division's supporting declaration meets these criteria. The Court concludes that the declarant's explanation for the Criminal Division's decision to withhold the content of the Authorization Memoranda is adequate.

"On its face, Title III clearly identifies intercepted communications as the subject of its disclosure limitations." *Lam Lek Chong v. U.S. Drug Enforcement Admin.*, 929 F.2d 729, 733 (D.C. Cir. 1991) (citing 18 U.S.C. § 2517). Disclosure of the Authorization Memoranda necessarily discloses information that must be protected under Title III. *See, e.g., Miller v. U.S. Dep't of Justice*, 872 F. Supp. 2d 12, 23 (D.D.C. 2012) (withholding identities of individuals targeted for interception, physical location of electronic microphone surveillance, conversations' participants, and summaries of content of intercepted conversations); *Adionser v. Dep't of Justice*, 811 F. Supp. 2d 284, 298 (D.D.C. 2011) (withholding "records consisting of intercepted communications ," including "telephone subscriber information and names of targeted individuals for the Title III intercepts"). This information properly is withheld under Exemption 3.

### 2. Exemption 5

Exemption 5 protects from disclosure "inter-agency or intra-agency memorand[a] or letters which would not be available by law to a party other than an agency in litigation with the agency." 5 U.S.C. § 552(b)(5). "[T]he parameters of Exemption 5 are determined by reference to the protections available to litigants in civil discovery; if material is not available in discovery, it may be withheld from FOIA requesters." *Burka v. U.S. Dep't of Health & Human Servs.*, 87 F.3d 508, 516 (D.C. Cir. 1996) (internal quotation marks omitted).

Attorney work product is among the types of material that is not available in discovery. *See, e.g., FTC v. Grolier, Inc.*, 462 U.S. 19, 27 (1983). The attorney work-product privilege protects material gathered and memoranda prepared by an attorney in anticipation of litigation. *See Hickman v. Taylor*, 329 U.S. 495, 504 (1947). Records are properly withheld as attorney work product if they contain the "mental impressions, conclusions, opinions or legal theories of an attorney," Fed. R. Civ. P. 26(b)(3)(B), and were "prepared in anticipation of litigation," Fed. R. Civ. P. 26(b)(3)(A). The privilege also "covers factual materials prepared in anticipation of litigation." *Heggestad v. U.S. Dep't of Justice*, 182 F. Supp. 2d 1, 8 (D.D.C. 2000) (citing *Tax Analysts v. IRS*., 117 F.3d 607, 620 (D.C. Cir. 1997)).

In this case, the Criminal Division withholds both Authorization Memoranda under Exemption 5 as privileged attorney work product. *See* Sprung Decl. ¶¶ 21-23. First, the declarant explains that the memoranda were prepared by an attorney at the behest of his or her client, which in this case refers to a federal prosecutor acting on behalf of the government. *Id*. ¶ 23. And, the declarant notes, the memoranda are "communication[s] between two DOJ representatives" occurring "as part of the wiretap application process, and therefore were created in anticipation of litigation, *i.e.*, a criminal prosecution of the individuals allegedly involved in the criminal activity that was evidenced by the court-ordered interceptions." *Id*.

According to plaintiff, the Criminal Division "fail[s] to apply the attorney work product doctrine," noting that voluntary disclosure to an adversary waives protection for such information. Pl.'s Opp'n at 2. Plaintiff does not identify the person to whom attorney work product had been disclosed; nor does plaintiff otherwise articulate a basis for disclosure of this information in response to his FOIA request. He fares no better with his argument that the Criminal Division did not "provide sufficient factual context for withheld under the deliberative

and predecisional privilege to allow the court to conclude that the privilege had been properly revoked." Pl.'s Opp'n at 2. The Criminal Division does not rely on the deliberative process privilege as a basis for withholding information under Exemption 5, and plaintiff's argument is neither relevant nor persuasive.

The Court concludes from the declarant's description of the Authorization Memoranda that the contents were attorney work product which squarely fit within the parameters of Exemption 5. The Criminal Division's decision to withhold this information is proper.

### 3.  Exemptions 6 and 7(C)

The Criminal Division withholds information pertaining to third parties mentioned in the Authorization Memoranda, *see* Sprung Decl. ¶ 27, specifically "personal information concerning the mobile phone subscriber and the Target Interceptees," *id*., Ex. (Vaughn Index, CRM 1-2, 3-4), under Exemptions 6 and 7(C).

Exemption 6 protects information about individuals in "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). Any information that "applies to a particular individual" qualifies for consideration under this exemption. *U.S. Dep't of State v. Wash. Post Co.*, 456 U.S. 595, 602 (1982); *accord New York Times Co. v. NASA*, 920 F.2d 1002, 1005 (D.C. Cir. 1990) (en banc). Exemption 7(C) protects from disclosure "information compiled for law enforcement purposes," to the extent that disclosure "could reasonably be expected to constitute an unwarranted invasion of [an individual's] personal privacy." 5 U.S.C. § 552(b)(7)(C). Given the nature of plaintiff's FOIA request, and its express references to the criminal case against him, it is apparent that the responsive records at issue in this case are law enforcement records within the scope of Exemption 7. *See Blackwell v. FBI*, 646 F.3d 37, 40 (D.C. Cir. 2011) (finding law

enforcement assertion "especially convincing [where] [requester] explicitly sought records related to his own criminal prosecution."). The Court therefore addresses the Criminal Division's justification for withholding this third-party information under Exemption 7(C) alone. *See, e.g.*, *Georgacarakos v. FBI*, 908 F. Supp. 2d 176, 182 n.3 (D.D.C. 2012) (declining to consider Exemption 6 separately where the same information fell under Exemption 7(C)).

The declarant states that "[i]ndividuals – whether targets, suspects or witnesses – have a strong interest in not being unfairly associated publicly with alleged criminal activity." *Id*. ¶ 25. He further explains that "the mention of [private individuals] in a law enforcement file engenders comment and speculation and could produce an unfair stigma which could expose them to harassment or criticism." *Id*. In the face of these individuals' "substantial privacy interest in avoiding disclosure of their personal information" through the release of the requested records, *id*., the Criminal Division identifies no public interest to outweigh it, *id*. ¶ 26.

Plaintiff does not challenge the Criminal Division's reliance on the exemption itself; he does object to the amount of information withheld. In his view, the Criminal Division does not limit the application of the exemption to specific information and instead withholds "the entire page or document in which the information appears." Pl.'s Opp'n at 3. Plaintiff's argument pertains to segregability rather than the applicability of Exemption 7(C). Absent any showing by plaintiff that a public interest outweighs the substantial privacy interest of the third parties mentioned in these records, the Court concludes that information properly is withheld under Exemption 7(C).

### D.  DEA: Exemption 7(D)

Exemption 7(D) protects from disclosure those records or information compiled for law enforcement purposes that

> could reasonably be expected to disclose the identity of a confidential source . . . [who] furnished information on a confidential basis, and, in the case of a record or information compiled by criminal law enforcement authority in the course of a criminal investigation . . ., information furnished by a confidential source.

5 U.S.C. § 552(b)(7)(D). There is no general "presumption that a source is confidential within the meaning of [FOIA] Exemption 7(D) whenever [a] source provides information [to a law enforcement agency] in the course of a criminal investigation." *U.S. Dep't of Justice v. Landano*, 508 U.S. 165, 181 (1993). Rather, a source's confidentiality must be determined on a case-by-case basis. *Id*. at 179-80. "When no express assurance of confidentiality exists, courts consider a number of factors to determine whether the source nonetheless spoke with an understanding that the communication would remain confidential." *Roth v. U.S. Dep't of Justice*, 642 F.3d 1161, 1184 (D.C. Cir. 2011) (internal quotation marks and citation omitted). "[T]he nature of the crime . . . investigated and the source's relation to it" are factors relevant to determining whether implied confidentiality exists. *Landano*, 508 U.S. at 179.

The DEA withholds "source-identifying and source-supplied investigative information" contained in a DEA Report of Investigation provided by "individual(s) other than a DEA agent." Fourth Little Decl. ¶ 14. In this case, it protects "information provided by an individual[ or individuals] regarding the criminal activities related to plaintiff's, and several third parties', illicit trafficking in cocaine." *Id*. The DEA's declarant explains:

> Plaintiff, along with nine . . . other individuals, was indicted for, and convicted of, conspiracy to distribute cocaine and cocaine base. It has been the experience of DEA that violence is inherent in the illicit trafficking of cocaine. Plaintiff has a criminal history that includes aggravated battery. Other criminal associates of plaintiff have criminal histories that include incidences of second degree murder, burglary, robbery, aggravated battery on a law

> enforcement officer, and arrests that resulted in the seizure of firearms.
>
> The individual[ or individuals] who provided information [was or] were intimately involved with the plaintiff, and others, in the illicit trafficking of cocaine and cocaine base. If DEA were to provide other information about the individual['s or individuals'] relation to the crime, DEA would risk revealing [the identity or identities of the source or sources], thereby potentially subjecting the individual[ or individuals] to retaliation and physical harm for having provided information to DEA.

*Id*. ¶¶ 15-16. Based on these factors, the declarant states, "DEA concluded that the individual(s) would not have provided the information" to the DEA unless he, she or they "believed that the information and [identity or identities] would be held in confidence and not released to plaintiff or the public," and, "[t]hus, confidentiality was implied[.]" *Id*. ¶ 17. Plaintiff's only response was that the DEA failed to offer "probative evidence that the source did in fact receive a[] grant of confidentiality either expressly or by implication." Pl.'s Opp'n at 3. Plaintiff has not offered any support for his assertion, however, and based on the DEA's showing, the Court concludes that an assurance of confidentiality can be implied under the circumstances set forth in its declaration.[2]

### *E. Segregability*

"If a document contains exempt information, the agency must still release 'any reasonably segregable portion' after deletion of the nondisclosable portions." *Oglesby v. U.S. Dep't of the Army*, 79 F.3d 1172, 1176 (D.C. Cir. 1996) (quoting 5 U.S.C. § 552(b)). Hence, the Court must determine whether defendant has released all reasonably segregable portions of the

---

[2] Review of the DEA's Vaughn Index indicates that the agency relied on Exemption 7(D) on conjunction with Exemption 7(F) to withhold the identity of and information provided by a confidential source. *See, e.g.,* First Little Decl., Ex. R (Vaughn Index), Page Nos. 32-39. The Court finds that the relevant information properly is withheld under Exemption 7(D) alone, and it does not consider whether Exemption 7(F) applies to the same information. *See Roth*, 642 F.3d at 1173.

responsive records. *See Trans–Pacific Policing Agreement v. U.S. Customs Serv.*, 177 F.3d 1022, 1026-28 (D.C. Cir. 1999).

Plaintiff contends that the Criminal Division "failed to distinguish exempt from non-exempt material within each document." Pl.'s Opp'n at 4. The supporting declaration, however, shows that "each page of the Authorization[] Memorand[a were reviewed] to determine whether there was any additional non-exempt information that could be reasonably segregated and released," and that the declarant found none. Sprung Decl. ¶ 29. Plaintiff's unsupported assertion does not withstand the Criminal Division's showing. Based on the supporting declarations, *see id*. ¶ 29; First Little Decl. ¶ 118-19, the Court concludes that all reasonably segregable material has been released to plaintiff.

### F. Fees

Plaintiff asserts that, "if it had not been for this civil action . . . plaintiff wouldn't had [sic] receive[d] any documents" in response to his FOIA request. Pl.'s Mot. for Fees, ECF No. 57 at 1. On this "so-called 'catalyst theory,'" plaintiff demands a monetary award "for court fees of $350.00 and litigation cost to be determine[d] by the court." *Id*. at 2.

The FOIA permits a district court to "assess against the United States . . . other litigation costs reasonably incurred in any case . . . in which the [plaintiff] has substantially prevailed." 5 U.S.C. § 552(a)(4)(E)(i). A plaintiff substantially prevails if he "has obtained relief through either . . . a judicial order . . . or . . . a voluntary or unilateral change in position by the agency, if the [plaintiff's] claim is not insubstantial." 5 U.S.C. § 552(a)(4)(E)(ii). The latter provision "essentially codifies the so-called 'catalyst theory' for determining a fee request against the United States, under which a plaintiff is deemed to have 'substantially prevailed' for purposes of § 552(a)(4)(E) if the 'litigation substantially caused the requested records to be

released.'" *N.Y.C. Apparel F.Z.E. v. U.S. Customs and Border Protection Bureau*, 563 F. Supp. 2d 217, 221 (D.D.C. 2008) (quoting *Chesapeake Bay Found., Inc. v. U.S. Dep't of Agric.*, 11 F.3d 211, 216 (D.C. Cir. 1993), *abrogated in part on other grounds by Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Resources*, 532 U.S. 598, 601-02 (2001))); *see Judicial Watch, Inc. v. FBI*, 522 F.3d 364, 368 (D.C. Cir. 2008) (finding that requester substantially prevailed when it secured court order which "specifically identified and required disclosure of the precise records . . . sought").

A party "who substantially prevails becomes *eligible* for attorney's fees; whether [he] is actually *entitled* to a fee award is a separate inquiry that requires a court to consider a series of factors." *Edmonds v. FBI*, 417 F.3d 1319, 1327 (D.C. Cir. 2005) (internal quotation marks, brackets and citations omitted) (emphasis in original). The decision to award attorneys' fees and costs is left to the Court's discretion. *See Nationwide Bldg. Maint., Inc. v. Sampson*, 559 F.2d 704, 705-06 (D.C. Cir. 1977) (commenting that the § 552(a)(4)(E) "contemplates a reasoned exercise of the courts' discretion taking into account all relevant factors"). In making this decision, the Court considers "(1) the public benefit derived from the case; (2) the commercial benefit to the plaintiff; (3) the nature of the plaintiff's interest in the records; and (4) the reasonableness of the agency's withholding of the requested documents." *Davy v. CIA*, 550 F.3d 1155, 1159 (D.C. Cir. 2008) (citations omitted). "No one factor is dispositive, although the [C]ourt will not assess fees when the agency has demonstrated that it had a lawful right to withhold disclosure." *Id.*

It is apparent that plaintiff has not substantially prevailed in this action. He neither identifies a public benefit derived from this case nor explains the nature of his interest in the requested information. Furthermore, the Criminal Division and the DEA adequately justify their

decisions to withhold information under the claimed exemptions, and no other factor warrants an award of fees and costs to plaintiff.

### III.  CONCLUSION

Defendant has demonstrated its compliance with the FOIA, and, accordingly, its motion for summary judgment will be granted.  An Order accompanies this Memorandum Opinion.

DATE: March 28, 2015         /s/
                             EMMET G. SULLIVAN
                             United States District Judge